Office of the General Counsel

**UNITED STATES INTERNATIONAL TRADE COMMISSION**

WASHINGTON, D.C. 20436

September 23, 2026

**VIA ELECTRONIC SERVICE**

Honorable Claire R. Kelly
James L. Watson U.S. Court of International Trade Bldg.
One Federal Plaza
New York, NY 10278-0001

**Re:** *Drexel Chemical Company et. al. v. United States and Corteva Agriscience LLC*, Consol. Court No. 25-00138

Dear Judge Kelly:

We submit this letter on behalf of Defendant U.S. International Trade Commission ("the Commission") in response to the Court's bracketing order of September 10, 2026, in the above-referenced matter instructing all parties to file the public version of the confidential record and the entire Joint Appendix, with modified bracketing, on or before Friday, October 16, 2026. *See* ECF No. 47 ("Bracketing Order"). Having conferred with the other parties, we respectfully seek the Court's approval for an approach to bracketing the questionnaire responses that is consistent with *In re United States*, 166 F. 4th 1001 (Fed. Cir. 2026), and facilitates the Court's review of the Commission's determinations while avoiding the imposition of an undue burden on the Commission and non-party questionnaire respondents.

As an initial matter, we would emphasize that Commission staff cannot distinguish between public and confidential information contained in the 62 questionnaire responses on the confidential record of the Commission's investigations of *2,4-Dichlorophenoxyacetic Acid ("2,4-D") from China and India* without input from each questionnaire respondent, nearly all non-parties to the litigation. Parties to this appeal are in a position to add bracketing to their own questionnaire responses for submission to the Court on October 16. In order to add bracketing to the confidential information contained in questionnaire responses submitted by non-parties,

however, Commission staff would need to contact and ask all non-party questionnaire respondents to add such bracketing and resubmit their old questionnaire responses for purposes of this litigation. Commission staff would then need to review each newly submitted questionnaire response and confirm that they are identical to the previously submitted ones, except for any added bracketing, to ensure that they continue to reflect accurately the record upon which the Commission based its determinations. Respectfully, we believe that taking such an approach would impose a substantial burden on Commission staff and non-party questionnaire respondents, potentially deterring their future cooperation with Commission investigations. We are also concerned that non-party questionnaire respondents would have little incentive to cooperate absent the threat of making their questionnaire responses public in the litigation, which would conflict with the Commission's obligation to safeguard the business proprietary information entrusted to it. *See* 19 U.S.C. § 1677f(b)(1)(A). Consistent with the Commission's longstanding approach prior to *In re United States*, questionnaire respondents submitted their questionnaire responses without bracketing their business proprietary information based on the Commission's assurance that their entire responses would be treated as confidential.

For these reasons, we respectfully propose the following alternative approach that we believe strikes a balance between protecting the non-parties' confidential questionnaire data and preserving Commission resources while still permitting the Court to make its opinion as public as possible. Our proposal comprises the following three steps:

(1) Consistent with the Bracketing Order, Plaintiffs would submit the confidential record with modified bracketing by October 16, including the questionnaire responses of parties to the appeal with bracketing added to all business proprietary information. Non-party questionnaire responses would be fully bracketed to ensure that all business proprietary information contained therein is bracketed in accordance with *In re United States* and U.S. Court of International Trade Rule 5(g). Such bracketing would also comport with the Commission's assurances and the questionnaire respondents' understanding at the time their questionnaire responses were submitted that their business propriety information would be safeguarded as confidential.

(2) After issuing its confidential opinion to the parties under seal, the Court could issue a letter inviting the parties to review the bracketing and propose any bracketing changes within 21 days, consistent with its typical approach. The Court would leave non-party questionnaire data that it wishes to disclose in its public opinion unbracketed.

(3) The Commission would then seek consent from the specific non-party questionnaire respondents whose information the Court wishes to disclose in its public opinion on an as needed basis, describing the information at issue so as not to disclose the substance of the Court's sealed opinion. Instead of Commission staff having to contact *all* non-party questionnaire respondents to request they add

bracketing to their entire confidential questionnaire responses, this wait-and-see approach would permit the Commission to contact only those non-parties whose discrete questionnaire data the Court actually wishes to disclose as germane to its ruling and analysis. In its response to the Court's letter, the Commission would indicate whether each non-party consented or objected to the proposed disclosures, and propose bracketing changes. In the event that any non-party objects to disclosure of its information, the Court could determine how best to afford such objecting non-parties an /opportunity to be heard as contemplated in *In re United States*, 166 F.4th at 1016.

We believe this targeted approach will better facilitate the Court's ability to issue a public opinion that properly discloses public information in accordance with *In re United States* while minimizing the burden on the Commission and non-party questionnaire respondents. Only those non-party questionnaire respondents whose questionnaire responses contain information the Court wishes to disclose in its public opinion would need to be contacted by Commission staff and asked whether they consent to such disclosure. Indeed, a similar approach was recently utilized in *OCP v. United States*, Court No. 21-219, in which the Court issued its confidential opinion under seal and instructed the parties to file any objections to the public disclosure of bracketed information within 21 days. In response, Commission counsel contacted two non-parties and secured their consent for the disclosure of the information at issue.[1]

We contacted counsel for each of the Plaintiffs and Defendant-Intervenor on September 23, 2026, and they concur with the Commission's proposed approach to bracketing the questionnaire responses. We believe that no changes to the Bracketing Order would be necessary to effectuate our proposal but would be happy to submit a motion if the Court deems it necessary. We respectfully ask the Court to let the parties know whether the Commission's proposed approach to bracketing the questionnaire responses is acceptable.

Respectfully submitted,

Margaret D. Macdonald
General Counsel

*<u>/s/ Karl von Schriltz</u>*
Karl von Schriltz
Assistant General Counsel for Litigation

[1] We note that the Court's approach to bracketing in *OCP v. U.S.* reflected that its July 2026 opinion was issued over five years after the Commission's original determinations in the underlying investigations, which were issued in March 2021. By contrast, the Commission's determinations in this appeal were issued in May 2025.

Karl.von-Schriltz@usitc.gov

/s/ *Ravi D. Soopramanien*
Ravi D. Soopramanien
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-3492
Facsimile: (202) 205-3111
ravi.soopramanien@usitc.gov

*Counsel for Defendant*
*U.S. International Trade Commission*